IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAROOQ ALI and ZABEENA N. BEGUM,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>GMAC MORTGAGE; EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC; NATIONAL CITY BANK OF INDIANA, a national Banking Association; NATIONAL CITY MORTGAGE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOES 1 through 10, inclusive,<br>　　　　Defendants.<br>_____/ | Case No. 10-cv-669-JAM-GGH<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO EXPUNGE THE LIS PENDENS |

　　　This matter comes before the Court on Defendants' GMAC Mortgage and Mortgage Electronic Registration Systems, Inc. ("Defendants'") Motion to Dismiss (Doc. #6), Motion to Strike (Doc. #7), and Motion to Expunge the Lis Pendens (Doc. #11). Defendants seek to dismiss Plaintiffs' Farooq Ali and Zabeena N.

1

Begum's ("Plaintiff's") Complaint (Doc. #1), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also move to strike the Complaint pursuant to Federal Rule of Civil Procedure 12(f). Lastly, Defendants move to expunge the lis pendens recorded by Plaintiffs, and ask the Court for attorney's fees associated with expungement of the lis pendens. Plaintiffs did not oppose any of the motions.[1]

Plaintiffs did not file an opposition or statement of non-opposition to any of Defendants' three motions. Local Rule 230(c) requires a party responding to a motion to file either an opposition to the motion or a statement of non-opposition, no less than fourteen (14) days preceding the noticed hearing date. Local Rule 110 authorizes the Court to impose sanctions for "failure of counsel or of a party to comply with these Rules." Therefore, the Court will sanction Plaintiffs' counsel, Timothy McCandless, $250.00 for each violation unless he shows good cause for his failure to comply with the Local Rules.

I. Motion to Dismiss and Motion to Strike

After carefully considering the papers submitted in this matter, the Defendants' Motion to Dismiss is hereby granted, with prejudice. Because the Court is dismissing the Complaint with prejudice, the Motion to Strike is moot.

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

II.  Motion to Expunge the Lis Pendens

Defendants' argue that the Lis Pendens should be expunged because Plaintiffs failed to follow the proper procedures in filing and serving the Lis Pendens, the Complaint is not based on a "real property claim," and Plaintiffs have failed to establish by a preponderance of the evidence the probable validity of Plaintiffs' various claims. Having carefully considered the papers submitted in this matter, Defendants' Motion to Expunge the Lis Pendens is granted.

III. Attorneys Fees and Costs

Defendants' request an award of attorney's fees and costs, pursuant to California Code of Civil Procedure §405.38. This statute states that, "The Court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the Court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Defendants requested a total of $2,340.00, which included estimated fees for filing a Reply brief and arguing the motion in court. Because no Reply brief was filed and Defendants did not appear in court, the Court has subtracted those estimated amounts, leaving a total of $780.00 in attorney's fees. Having reviewed attorney Kimberly Paese's declaration, the Court finds that the

3

attorney spent a reasonable number of hours on this motion (a total of four hours), and that the rate of $195.00 per hour is reasonable. However, given the underlying facts of this case and Plaintiffs' apparent financial hardship, the Court finds that it would be unjust to order Plaintiffs to pay Defendants' attorney's fees.

　　Therefore, the Court orders that Plaintiffs shall not pay any part of the attorneys' fees in connection with this motion, directly or indirectly. The fees shall be paid by Timothy McCandless, Plaintiffs' attorney of record, under California Code of Civil Procedure §128.6, on the grounds that the filing of the lis pendens was frivolous and made solely for the purpose of delay. See Justo v. Indymac Bancorp, 2010 WL 623715 at *12 (C.D. Cal. Feb. 19, 2010). Section 128.6 requires notice and the opportunity to respond. Accordingly, the Court hereby gives notice to Timothy McCandless that unless he shows good cause for the recording of the lis pendens, he is required to pay Defendants' attorney's fees incurred in responding to the lis pendens. Within ten (10) days of the date of this Order, Mr. McCandless is ordered to either pay Defendants' attorney's fees of $780.00, or submit a statement of good cause explaining why the recording of the lis pendens was not frivolous and not solely for the purpose of delay.

ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED, WITH PREJUDICE. Defendants' Motion to Expunge the lis pendens on the property at 3568 Rain Song Circle, Rancho Cordova, California is GRANTED. Defendants are awarded attorney's fees and costs in the amount of $780.00. Attorney Timothy MCCandless is ordered to pay Defendants $780.00 in attorneys' fees, or submit a statement of good cause for the recording of the lis pendens, within ten (10) days of this Order.

It is further ordered, within ten (10) days of the date of this Order, attorney Timothy McCandless must either (1) submit a statement of good cause for his failure to comply with the local rules, or (2) pay a sanction in the amount of $750.00 to the Clerk of the Court.

IT IS SO ORDERED.

Dated: June 3, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE